# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN NEIL SHROPSHIRE<br><br>Plaintiff,<br><br>v.<br><br>EL DORADO CO. SHERIFF OFFICE, et al.,<br><br>Defendants. | No. 2:20-CV-0192-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Plaintiff's first amended complaint. ECF No. 13. Plaintiff's amended complaint appears to be incomplete. The Court will grant Plaintiff leave to amend.

## I. SCREENING REQUIREMENT

The Court must screen complaints from prisoners seeking relief against a governmental entity, officer, or employee. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement of the claim that a plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint must provide "enough facts to state a claim

to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Id. at 678–79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Plaintiffs must demonstrate that each defendant personally participated in the deprivation of the plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint does not state a claim. Iqbal, 556 U.S. at 679. The complaint need not identify "a precise legal theory." Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1038 (9th Cir. 2016).

The Court must construe a pro se litigant's complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). The Court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1208 (9th Cir. 2017).

## II. PLAINTIFF'S COMPLAINT

Plaintiff has filed two complaints: an original complaint and an amended complaint. ECF Nos 1, 13. Plaintiff raises claims related to his alleged disabilities. ECF Nos. 1, 13. In the original complaint, Plaintiff brings his claims under the equal protection clauses of the California and United States constitutions. ECF No. 1 at 3. Broadly, he contends that he has been unconstitutionally denied access to educational and other programs because El Dorado County Jail wrongfully placed him in protective custody rather than general inmate population. Id. at 3–4. In his amended complaint, Plaintiff contends that he has been denied access to the programs for prisoner in violation of the Americans with Disability Act (ADA). ECF No. 13 at 3.

Plaintiff's amended complaint states that he wants to add his ADA claim to the first complaint. Id. Plaintiff contends that he desires to amend the original complaint so that the ADA claim is included alongside his constitutional claims. See id. He also adds a third claim related to good conduct credit related to which Plaintiff states he has filed a petition for a writ of habeas corpus in California state court. Id. at 4.

### III. DISCUSSION

As currently comprised, Plaintiff's amended complaint is incomplete because it references his original complaint. Plaintiff appears to have believed that his amendments would simply be tacked to the original complaint. That is not so. See L.R. 220. Generally, an amended pleading supersedes an original pleading. Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015); Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hoyt v. Chamberlain, No. 2:20-cv-1303 AC P, 2021 WL 2894133, at *4–5 (E.D. Cal. July 9, 2021); see Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012); Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010). More specifically here, the Eastern District of California's local rules require amended pleadings must be complete in themselves. L.R. 220. Changed pleadings cannot rely upon a prior or superseded pleading. Id.; Bontemps v. Barnes, No. 2:12-cv-2250 AC P, 2013 WL 1098019, at *1 (E.D. Cal. Mar. 15, 2013). No pleading may be considered amended until a litigant complies with Local Rule 220. L.R. 220.

In an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be alleged in sufficient detail. See, e.g., White v. Pfeiffer, No. 1:19-cv-01786-NONE-GSA-PC, 2021 WL 736246, at *8 (E.D. Cal. Feb. 25, 2021). The Court cannot refer to a prior pleading to make an amended complaint complete. See, e.g., L.R. 220; see also Singh v. USCIS, No. 2:18-cv-2929 JAM DB PS, 2020 WL 5110356, at *1, 4 (E.D. Cal. Aug. 31, 2020) (discussing pleading standards and stating courts may not refer back to a prior complaint). Any claims not realleged in a new complaint are waived. See, e.g., Lacey, 693 F.3d at 925; Smith v. Aubuchon, No. 2:14-cv-0775-KJM-DMC-P, 2019 WL 337187, at *1 (E.D. Cal. Jan. 25, 2019).

The Court concludes that Plaintiff's new submission is insufficient as a pleading. Plaintiff is not bound by the facts included in the original complaint. But his complaint is lacking

in form and, as noted, it appears that Plaintiff did not believe he needed to file a self-contained pleading. If Plaintiff wishes to proceed on both his constitutional and ADA claims, he must do so in a self-contained pleading that does not rely upon his original complaint. Plaintiff may not proceed with piecemeal pleadings. See L.R. 220; see also Bontemps, 2013 WL 1098019, at *1.

The Court will grant plaintiff leave to amend. Plaintiff may file a second amended complaint alleging all the claims that he desires to allege.

## IV. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). As stated above, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260–61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed with leave to amend; and

2. Plaintiff may file a second amended complaint in English (or, if not in English, with an English translation) within 30 days of the date of service of this order.

Dated: August 6, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE